## MAR POY v. UNITED STATES.

(District Court, W. D. Texas, El Paso Division. July 21, 1911.)

### No. 272.

ALIENS (§ 32*)—DEPORTATION—CITIZENSHIP.

In Chinese deportation proceedings, evidence *held* to require a finding that respondent was born in the United States, and was therefore a citizen not subject to deportation.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 93–95; Dec. Dig. § 32.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Deportation proceedings by the United States against Mar Poy. From an order of deportation, the alien appeals. Reversed.

This is an appeal from an order of deportation passed by the United States Commissioner at El Paso. The appellant claims to be a citizen of the United States by virtue of his birth in San Francisco, Cal. At the hearing before the commissioner the appellant, failing to produce evidence of his nativity, was ordered deported. Pending the appeal the testimony of two Chinese witnesses of San Francisco was taken to prove his birth in that city. There also appears in the record the testimony of the appellant in his own behalf and that of the Chinese interpreter and the deputy marshal introduced by the government. The statement made by the appellant to the immigration authorities at the time of his arrest was also submitted in evidence by the assistant district attorney.

Turney & Burges and W. D. Howe, for appellant.
S. Engelking, Asst. U. S. Atty.

MAXEY, District Judge (after stating the facts as above). The present is purely a fact case. The two witnesses for appellant—whose testimony is unimpeached—tell a plain, straightforward, and apparently truthful story, touching the birth of the appellant in San Francisco, and their knowledge of his whereabouts until he reached the age of 18 or 20 years. Although the statements made by the appellant in his testimony taken by Mr. Oliver after the order of deportation was entered by the commissioner differed in some respects from those made by him about the time of his arrest to the immigration officials, yet it must be remembered that he is unacquainted with our language, and that the statements, made to the immigration authorities, were made at an ex parte examination in the absence of either attorney or friends. The circumstances considered, due allowance should be made for admissions thus elicited.

Upon a review of the record the court is of the opinion that the appellant has fairly proved his American citizenship.

The courts should not be expected to ignore altogether the testimony of witnesses who tell a candid and consistent story and who stand unimpeached.

The order of deportation will be reversed and the appellant discharged.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes